POOLE, Circuit Judge:
 

 The judgment creditor Jones Family (the Family) appeals the district court’s judgment affirming the bankruptcy court’s order denying the Family’s motion for leave to file a late complaint against the debtor Moses Hill. The bankruptcy court found excusable neglect but held that it could not enlarge the filing period under the bankruptcy procedure rules. We affirm.
 

 Moses Hill (Hill) brutally assaulted members of the Family, shooting Mr. Jones in the head. The Family sued Hill in state court for assault and battery, and on November 7, 1979 was awarded $79,487 in damages, accumulated interest on which has brought the total to $100,425.
 

 On August 15, 1983, Hill voluntarily filed for bankruptcy. Counsel for the Family attended the first creditors’ meeting held on October 6, 1983. The Family sought a determination that the judgment was a nondischargeable debt under 11 U.S.C. § 523(a)(6) (1982). Under Bankruptcy Rule 4007(c), the Family had 60 days from the date of the first creditors’ meeting on October 6 within which to file a complaint, which meant that the last day was December 6, 1983. The bankruptcy court erroneously determined the deadline to be January 5, 1984. Counsel for the Family then mistakenly entered the date on his calendar as February 5,1984. No timely complaint was filed.
 

 On November 21, 1984, counsel moved in the bankruptcy court for leave to file a late complaint. The bankruptcy court found excusable neglect on the part of counsel but that it had no discretion to permit late filing, and therefore denied the motion. On September 18, 1985, the district court affirmed the bankruptcy court’s ruling. On October 17, 1985, the present appeal was filed.
 

 The sole issue before us is whether the bankruptcy rules relied on by the bankruptcy court and the district court (rules 4007(c) and 9006(b)) are invalid because they contravene 11 U.S.C. § 523 and 28 U.S.C. § 2075 (1982).
 

 Statutory interpretation is a question of law which we review
 
 de novo. Trustees of Amalgamated Insurance Fund v. Geltman Industries,
 
 784 F.2d 926, 929 (9th Cir.1986). Determining the validity of a court rule is a conclusion of law which we also review
 
 de novo. United
 
 
 *486
 

 States v. McConney,
 
 728 F.2d 1195, 1201 (9th Cir.1984) (en banc),
 
 cert. denied,
 
 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).
 

 11 U.S.C. § 523(a)(6) (1982) provides for the nondischargeability from any debt “for willful and malicious injury by the debtor to another entity.” 11 U.S.C. § 523(c) states that this debt will be discharged “unless, on request of the creditor to whom the debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under [subsection (a)(6) ].”
 

 The bankruptcy rules, enacted by the Supreme Court and reviewed by the Congress under 28 U.S.C. § 2075, set the deadlines for filing complaints under 11 U.S.C. § 523(c):
 

 A complaint to determine the discharge-ability of any debt pursuant to § 523(c) of the Code shall be filed not later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a).... On motion of any party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision.
 
 The motion shall be made before the time has expired.
 

 Bankr.R. 4007(c). (Emphasis added). Rule 9006 confers discretion upon the bankruptcy court to permit acts to be performed after the expiration of the time limit if the offending party’s motion demonstrates the lateness was the result of “excusable neglect”. Bankr.R. 9006(b)(1). However, the Rule specifically states that “[t]he court may enlarge the time for taking action under Rule[ ] ... 4007(c) ... only to the extent and under the conditions stated in [that] rule[].” Bankr.R. 9006(b)(3).
 

 The Family is thus time barred from filing its complaint because counsel’s motion was made after the 60 day time period had expired.
 

 The Family argues that our interpretation of rules 4007(c) and 9006(b) conflicts with 11 U.S.C. § 523 and abridges substantive rights in violation of 28 U.S.C. § 2075.
 

 28 U.S.C. § 2075 empowers the Supreme Court to promulgate procedural rules in the bankruptcy court as long as they do “not abridge, enlarge, or modify any substantive right.”
 

 The Family’s argument, at its core, depends on the proposition that section 523 not only grants the right to challenge the discharge of certain debts, but also encompasses specific procedures for implementing that right. The Family relies on the legislative history of section 523 which declares that, after enactment, the provision would “not change current law.” H.R.Rep. No. 595, 95th Cong., 2d Sess. 365,
 
 reprinted in
 
 1978 U.S.Code Cong. & Admin.News 5963, 6321. Such reliance is misplaced. That section 523 restates prior substantive law does not mean that it retains the procedures used to implement prior law. Indeed, one cannot infer that any of the substantive provisions in the Bankruptcy Code incorporate a particular set of preexisting procedural rules. Moreover, the very purpose of the Bankruptcy Rules was not merely to restate prior procedural law, but in some instances to alter it. We conclude, therefore, that section 523 does not incorporate preexisting procedures.
 

 The Family also argues that rule 4007(c) is in effect a statute of limitations because it firmly and finally cuts off substantive rights. The Family then suggests that because statutes of limitations were deemed to affect substantive rights for
 
 Erie
 
 purposes,
 
 see Guaranty Trust Co. v. York,
 
 326 U.S. 99, 109, 65 S.Ct. 1464, 1469, 89 L.Ed. 2079 (1945), rule 4007(c) must also modify substantive rather than procedural law. Although rule 4007(c) in some respects resembles a statute of limitations, its effects are quite different. Statutes of limitations effect primary conduct—behavior apart from any litigation—by providing repose to potential defendants. Such statutes are not designed to manage ongoing litigation. In contrast, rule 4007(c) is triggered only by certain events within bankruptcy litigation. The rule does not grant repose to the debtor or anyone else. Instead, it avoids delay by requiring a party
 
 *487
 
 to file promptly rather than just prior to the final settlement of the bankruptcy case.
 
 See
 
 Bankr.R. 9006 advisory committee’s note (such rules serve the “interest of prompt administration of bankruptcy cases”). Therefore, it affects procedural not substantive rights.
 

 This Circuit has stated that a party challenging a bankruptcy rule has a “heavy burden” of showing that the rule deals with a matter of substance rather than procedure.
 
 Wolff v. Wells Fargo Bank (In re Moralez),
 
 618 F.2d 76, 78 (9th Cir.1980). Referring to bankruptcy rules promulgated prior to those in question here, we said:
 

 The proposed bankruptcy rules were studied by committees of
 

 experts, then adopted by the Supreme Court, and became effective only after submission to Congress for review.... It cannot be assumed easily that the Supreme Court acted outside the power delegated to it under § 2075, or that Congress allowed rules to become operative which would effect substantive rights.
 

 Wolff v. Wells Fargo Bank,
 
 618 F.2d at 78. The application of virtually any procedural rule can result in the denial of a “substantive” right, yet this does not transform the procedural rule into a substantive rule. The bar which Rule 4007(c) imposes against complaints filed after sixty days deals with procedure. Procedure is defined by the Supreme Court in the context of the federal rules of civil procedure as: “ ‘the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them.’ ”
 
 Hanna v. Plumer,
 
 380 U.S. 460, 464, 85 S.Ct. 1136, 1140, 14 L.Ed.2d 8 (1965) (quoting
 
 Sibbach v. Wilson & Co., Inc.,
 
 312 U.S. 1, 14, 61 S.Ct. 422, 426, 85 L.Ed. 479 (1941)). In denying discretion to the bankruptcy court to enlarge the time within which to file, Rule 9006(b) is analogous to Fed.R.Civ.P. 6(b) and Fed.R.App.P. 26(b), which similarly deny courts discretion to extend a party’s time to act.
 
 See
 
 Bankr.R. 9006 Advisory Committee Note.
 

 Of course, a procedural rule could be so harsh as to arbitrarily frustrate a substantive right. Some bankruptcy courts have declined to read rules 4007(c) and 9006(b) literally where the filing over sixty days late was the result of the plaintiff’s good faith reliance on the bankruptcy court’s erroneous statement or action.
 
 See, e.g., Fallang v. Hickey,
 
 58 B.R. 106, 108-09 (Bankr.S.D.Ohio 1986);
 
 see also, In re Klein,
 
 64 B.R. 372, 376-77 (Bankr.E.D.N.Y.1986);
 
 DeLesk v. Rhodes,
 
 61 B.R. 626, 629-30 (Bankr. 9th Cir.1986). Although the bankruptcy court did in fact erroneously state the filing deadline, the delay beyond this date until February 5,1984 is solely the result of counsel’s calendaring error.
 

 The bankruptcy rules at issue here have been promulgated by the Supreme Court and reviewed by Congress and are clear on their face. Though their effect may be to work a hardship on creditors in certain cases, they seek to further the prompt resolution of bankruptcies and do not unreasonably frustrate the exercise of the creditor’s substantive right to enforce a prior judgment so as to offend 28 U.S.C. § 2075. The rules in the present case were simply not followed.
 

 AFFIRMED.