**In re Ronald David NEESE and Susan Joy Neese, Debtors.**

**LOMA LINDA UNIVERSITY MEDICAL CENTER, Compucare, Inc., Harry McQueen, Jack Kowitt, and Ronald Anderson, Plaintiffs/Appellants,**

v.

**Ronald David NEESE and Susan Joy Neese, Defendants/Appellees.**

**BAP No. CC 87–1602 VJMo.**

**Bankruptcy No. 87–00541 JW.**

United States Bankruptcy Appellate Panel, of the Ninth Circuit.

Argued and Submitted March 16, 1988.

Decided June 23, 1988.

Robert H. Ziprick, Boothby, Ziprick & Yingst, San Bernardino, Cal., for plaintiffs/appellants.

No appearance for defendants/appellees.

Before VOLINN, JONES and MOOREMAN, Bankruptcy Judges.

### OPINION

VOLINN, Bankruptcy Judge:

### INTRODUCTION

Various creditors of the bankruptcy estate appeal a ruling denying an extension of time to file a complaint to determine

dischargeability. They and the trustee had agreed to an extension, but did not reduce their stipulation to writing. Appellants did not file their motion for extension of time until after the expiration of the 60–day period prescribed by B.R. 4007(c).[1]

### FACTS

Ronald Neese, appellee/debtor, while employed by appellant Loma Linda University Medical Center (LLUMC), accused LLUMC and Compucare, Inc., a data processing firm, also appellant herein, of entering into a "sweetheart" deal for the purchase of a computer system. LLUMC claims that after Neese was asked to discontinue spreading erroneous and defamatory comments, he voluntarily quit his job. Neese claims that he was harrassed until he was forced to quit his job.

On June 14, 1985, Neese filed an action in the Superior Court of California alleging wrongful termination, breach of covenant of good faith and fair dealing, intentional infliction of emotional distress and defamation.[2]

Appellants Compucare, Inc., Harry McQueen, and Jack Kowitt filed a cross-complaint against Neese. Later, appellant LLUMC also filed a cross-complaint. Both cross-complaints alleged intentional and negligent interference with prospective business advantage, defamation, and intentional infliction of emotional distress arising out of appellee's attempts to injure their business and personal reputations by spreading false accusations.

Discovery in the state court actions continued until January 30, 1987, when the action was stayed because appellee and his spouse, Susan Neese, filed a Chapter 7 bankruptcy.

The First Meeting of Creditors was held on March 5, 1987. Appellants Harry McQueen, Jack Kowitt and Ronald

Anderson were listed as creditors in the debtor's bankruptcy estate. At that time Robert H. Ziprick, appellants' counsel, informed the trustee that appellants LLUMC and Compucare, Inc. were also creditors. Those appellants were then listed as creditors in the bankruptcy estate.

During the first part of April 1987, appellants' counsel proposed that the claims between appellants and appellee be settled by mutual dismissals. Following that proposal, appellants offered $2,000 to Neese in addition to the mutual dismissals. The trustee responded to that proposal by stating he would contact the attorney pursuing appellee's state court claim. On at least two occasions, the trustee's assistant told appellants' counsel that the settlement proposal was acceptable to the trustee and that appellee would probably accept it.

The last day to file complaints to determine dischargeability of debts and to file objections to the discharge of the debtor was May 4, 1987. On May 1, 1987, the trustee's assistant told appellants' counsel that the trustee would confer with appellee's counsel on Monday, May 4, 1987 for a final response to the settlement proposal and agreed to stipulate to an extension of time for filing of a dischargeability complaint.

On May 4, 1987, the appellants' counsel was unable to obtain a response from the trustee regarding the settlement. On May 5, 1987, the trustee signed a stipulation and proposed order to extend the last day of filing complaints to determine dischargeability and for filing objections to the discharge of the debtor.

■ The stipulation and order were submitted to the bankruptcy court on May 6, 1987. On May 7, 1987, the bankruptcy court declined to approve the stipulation pursuant to *In re Rhodes*, 61 B.R. 626 (9th Cir. BAP 1986).[3] On May 11, 1987, the

---

1. Appellees, not having submitted a brief, were not permitted to present oral argument. Bankruptcy Appellate Panel Rule 5(g).

2. Neese named as defendants: LLUMC, Compucare, Harry McQueen (agent/employee of Compucare), Jack Kowitt (agent/employee of Compucare), Ronald Anderson (managerial employ-

ee of LLUMC). These same parties are also appellants in this bankruptcy action.

3. In *In re Rhodes* the BAP held that the plaintiff must either file his complaint within the set time or must move for an enlargement of time before the deadline expires under B.R. 4007(c).

bankruptcy court denied the appellants' *ex parte* motion for reconsideration.

## STANDARD OF REVIEW

Statutory interpretation is a question of law which is reviewed *de novo*. *In re Hill*, 811 F.2d 484, 485 (9th Cir.1987). Determining the validity of a court rule is a conclusion of law which we also review *de novo*. *Hill*, 811 F.2d at 485.

## DISCUSSION

### A

Appellants argue that the United States Supreme Court attempted to modify § 523(c) when it promulgated B.R. 4007(c), even though Congress specifically expressed its intention not to change § 523(c). U.S.Code Cong. and Admin.News 5787, 5866 (1978). Appellants state that B.R. 4007(c) operates as a period of limitations applying only to a cause of action unknown at common law and therefore is a substantive rule. *U.S. v. Price-McNemar Construction*, 320 F.2d 663, 665 (9th Cir.1963). This substantive rule abridges and modifies the right of a creditor to file for an extension of time after the filing deadline, a right which Congress intended to continue offering creditors after the Bankruptcy Reform Act of 1978. *Id.* Appellants argue that since the rule is substantive, the statute supersedes it and thus the court should refuse to apply the rule.

Title 28 U.S.C. § 2075 provides that the Supreme Court shall have the power to prescribe by general rules, the forms of process, writs, pleadings and motions, and the practice in cases under Title 11. However, such rules shall not abridge, enlarge, or modify substantive rights.

B.R. 4007(c) states that

... a complaint to determine the dischargeability of any debt pursuant to § 523(c) of the Code shall not be filed later than 60 days following the first date set for the meeting of creditors.... On motion of any party in interest, after hearing on notice, the court may for

cause extend the time fixed under this subdivision. *The motion shall be made before the time has expired.* (emphasis added)

 The bankruptcy rules were "studied by committees of experts, then adopted by the Supreme Court, and became effective only after submision to Congress for review." *In re Moralez*, 618 F.2d 76, 88 (9th Cir.1980). Court rules are entitled to a presumption that they were promulgated within the proper authority of the Supreme Court and do not affect substantive rights. *In re Management Data Services, Inc.*, 43 B.R. 962, 966 (Bankr.W.D.Wash.1984). A party contending that a court rule violates substantive rights bears a heavy burden of proof. *Management Data*, 43 B.R. at 966; *Moralez*, 618 F.2d at 78.

Bankruptcy Rule 4007(c) is a procedural rule which promotes the interests of prompt administration of bankruptcy cases. *Hill*, 811 F.2d at 487. Section 523(c) did not retain the old bankruptcy rule when it was restated in the Bankruptcy Reform Act. One cannot infer that any of the substantive provisions of the Code incorporate a particular set of preexisting procedural rules. Moreover, the very purpose of the Bankruptcy Rules was not merely to restate prior procedural law, but in some instances to alter it. *Hill*, 811 F.2d at 486.

When the Supreme Court promulgated B.R. 4007(c) it did not change the substance of § 523(c). Although the effect of B.R. 4007(c) may be to work hardship on creditors in certain cases, it seeks to further the prompt resolution of bankruptcies and does not so unreasonably frustrate the exercise of the creditor's substantive right to enforce a prior judgment under § 523(c), as to offend 28 U.S.C. § 2075. *See Hill*, 811 F.2d at 487.

In the present case, as in *Hill*, the procedural rules were simply not followed.

### B.

 Appellants urge us to approve the tardy stipulation under the doctrine of eq-

---

The bankruptcy court has no discretion to enlarge the time for filing a complaint to deter-

mine dischargeability if the request is made after the deadline for filing the complaint.

uitable estoppel, arguing that in good faith they relied to their detriment upon representations of the trustee. Admitting that there is little, if any, bankruptcy case law applying equitable estoppel, they maintain that this case warrants application of the doctrine.

Bankruptcy Rule 9006 allows the court to grant an extension of time for cause. The court in *In re Sonoma V*, 703 F.2d 429 (9th Cir.1983) stated that "(t)he implication of the rule is that only the court may order an enlargement of time (and only for cause shown) and that the parties may not stipulate without court approval to an extension of time." *In re Sonoma V*, 703 F.2d at 431. *In re Snyder*, 74 B.R. 872, 876 (Bankr.E.D.Pa.1987).

The general rule is that the bankruptcy court has no discretion to enlarge the time for filing a complaint to determine dischargeability if the request is made after the deadline for filing the complaint. B.R. 4007(c); B.R. 9006(b)(1); *Hill*, 811 F.2d at 487; *In re Rhodes*, 71 B.R. 206, 207 (9th Cir.BAP, 1987); *In re Harten*, 78 B.R. 252 (9th Cir. BAP, 1987); *In re Klein*, 64 B.R. 372, 374 (Bankr.E.D.N.Y.1986).

Appellants were aware that the motion for an extension had to be filed during the 60–day period, but did not file the stipulation until the 62nd day. Appellants' hardship was caused by their own failure to comply with the rules. We also note that appellants' reliance on the stipulation was not induced by the debtor who had a vital and singular interest in the discharge. It is difficult to understand why equitable estoppel should be visited on the debtor who was not a party to the stipulation and received no demonstrable benefit from it.

Assuming arguendo that the trustee's stipulation would have been cause for extension, they could have made the motion during the 60 days, and then could have presented the stipulation at the hearing thereon. Even this was not timely accomplished. In any event, the facts here provide no basis for equitable estoppel. *See In re Klein*, 64 B.R. at 375–76 and cases cited therein.

## CONCLUSION

Because the appellants' motion for leave to file a late nondischargeability complaint was made after the 60–day time period for filing the complaint had expired, the appellants were time barred from filing the complaint. The judge had no discretion to grant an extension after the time had expired.

We AFFIRM.