**In re James Edward STRATTON and Oleta Fay Stratton, Debtors.**

**Rosie K. KENNEDY and Laurence T. Kennedy, Plaintiffs,**

**v.**

**James E. STRATTON and Oleta F. Stratton, Defendants.**

**Bankruptcy No. 288–07732–B–7.**

**Motion No. LCE–1, LCE–2 and JRR–1. Adv. No. 289–0123.**

United States Bankruptcy Court, E.D. California.

Sept. 28, 1989.

---

John R. Roberts, Placerville, Cal., for debtors.

George D. Appelbaum, Legal Center for the Elderly, Placerville, Cal., for creditors Rosie K. and Laurence T. Kennedy.

## MEMORANDUM OF DECISION

DAVID E. RUSSELL, Bankruptcy Judge.

The above-entitled motions were taken under submission following oral arguments on May 30, 1989. This court has since considered the moving papers and oral arguments of both parties as well as the relevant statutes and case law and has arrived at the determination that Rosie K. and Laurence T. Kennedy (hereinafter "Movants") are entitled only to the limited relief hereinafter set forth.

## FACTS

The relevant procedural facts are not in dispute. James E. and Oleta F. Stratton (hereinafter "Debtors") filed a joint, voluntary chapter 7 petition in bankruptcy on November 21, 1988. The first meeting of creditors was subsequently set for January 11, 1989. Notice of that meeting was properly sent to all creditors including Movants and their attorney of record. The notice also stated that the last day for filing objections to the Debtors' claim of exemptions would be 30 days after the conclusion of the first meeting of creditors and that the last day for filing a complaint to determine the dischargeability of any debt pursuant to 11 U.S.C. § 523(c) would be March 13, 1989.

Movants filed two written requests with the court to extend time. Both were entitled "Ex Parte Motion for Order Extending Time to File Objections to Debtors' Claim of Exemptions." While copies of both motions were served on Debtors' counsel, no hearings were requested. Both of the proposed orders, which stated that the motion

supporting them were brought pursuant to Bankruptcy Rule (B.R.) 4003, were signed by the court without a hearing. The first order was signed on January 24, 1989 and extended the Movants' time to file objections to the Debtors' claim of exemptions until March 13, 1989. The second order, signed on March 8, 1989, extended the time to file objections to the claimed exemptions until April 13, 1989. Neither order made mention of B.R. 4007 nor extended the time to file a complaint to determine the dischargeability of a debt. The only mention of extending the time to file such a complaint was in the prayer of the March 8 motion.

Movants filed their objections to the Debtors' exemptions and their complaint to determine dischargeability of a debt on April 11, 1989. On April 13, 1989 the Debtors were discharged by the court. The Debtors then filed their motion to dismiss the complaint as untimely filed and on May 2, 1989 the Movants filed their present motion to amend the order extending time, to deem their complaint as timely filed and to vacate the discharge.

## DISCUSSION

### A. COMPLAINT TO DETERMINE DIS-CHARGEABILITY.

■ Bankruptcy Rule (hereinafter "B.R.") 4007(c) prescribes the general rule that an adversary complaint to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(c) shall be filed no later than 60 days from the first date set for the 11 U.S.C. § 341(a) meeting of creditors. The court may for cause, however, extend the 60 day deadline upon "motion of any party in interest, [and] after hearing on notice ..." made within the original 60 day period. (B.R. 4007(c); emphasis added). The accepted rule in this circuit is that absent a properly filed motion within the prescribed 60 day period, a bankruptcy court has no discretion to enlarge the time for filing a complaint to determine dischargeability.[1] (8 *Collier on Bankruptcy* (15th Ed.1989) ¶ 4007.05[3] at p. 4007–12; *In re Hill*, 811 F.2d 484, 487 (9th Cir.1987); *In re Neese*, 87 B.R. 609, 612 (9th Cir.BAP, 1988); *In re Rhodes*, 71 B.R. 206, 207 (9th Cir.BAP, 1987)).

Unlike the creditors in the above cited cases, Movants did at least file a motion within the 60 day period. By serving it on opposing counsel, they also apparently complied with the service requirements of B.R. 9013,[2] since the Debtors are the only parties with any conceivable interest in the requests for extensions of time. Because a motion for an extension of time to file objections to a debtor's exemptions may be obtained ex parte under the provisions of B.R. 4003(b),[3] this court's orders of January 24 and March 8 extending the time to file objections to the Debtors' exemptions are proper, and, therefore, the Movant's objections, having been filed within the

---

1. The requirement that the motion to extend time be filed before the time expires and the rule divesting the courts of all discretion to grant extensions in the absence of such a timely filing were included in B.R. 4007(c) and B.R. 9006(b)(3) when they became effective in 1983. These new Rules substantially changed the requirements under former B.R. 409. (See e.g. *In re Magouirk*, 693 F.2d 948 (9th Cir.1982) (extension permitted upon showing of "excusable neglect")). By creating such stringent requirements "Congress intended to no longer subject the preeminent fresh start policy to the uncertainties of excusable neglect in failing to timely object to discharge of a claim." (*In re Rhodes*, 61 B.R. 626, 630 (9th Cir.BAP 1986) quoting *In re Figueroa*, 33 B.R. 298, 300 (Bankr.S.D.N.Y. 1983)).

2. B.R. 9013 provides in pertinent part, as follows:

"A request for an order ... shall be by written motion ... The motion shall state with particularity the grounds therefor, and shall set forth the relief or order sought. Every written motion other than one which may be considered ex parte shall be served by the moving party on the trustee or debtor in possession and on those entities specified by these rules or, if service is not required or the entities to be served are not specified by these rules, the moving party shall serve the entities the court directs."

3. B.R. 4003(b) provides, in pertinent part, as follows: "... any creditor may file objections to the list of property claimed as exempt within 30 days after the conclusion of the meeting of creditors held pursuant to Rule 2003(a) ... unless, within such period, further time is granted by the court."

time proscribed by the court, are timely. (Indeed, the Debtors have conceded the timeliness of the objections). Unfortunately for the Movants in respect to their complaint to determine dischargeability, the requirements for obtaining an extension of time under B.R. 4003(b) are much less stringent than the "after notice and a hearing" requirements mandated by B.R. 4007(c).

11 U.S.C. § 102, which is incorporated in the Rules by B.R. 9002, provides that the phrase "after notice and a hearing" or a similar phrase ... means after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances ..." [11 U.S.C. § 102(1)(A)]. An ex parte motion, which by definition requires no notice,[4] is clearly inappropriate, because the purpose of replacing Rule 409 with Rule 4007 in 1983 was to eliminate ex parte motions and applications for extensions of time to file dischargeability complaints.[5] However, but for the mislabeling ("Ex Parte") and omission (no reference to extending the time to file a complaint to determine dischargeability) in the caption on the March motion, Movants might plausibly argue that mailing a copy of the motion to extend time to Debtors' counsel was "appropriate notice in the particular circumstances", because the motion otherwise complied with B.R. 9013. Be that as it may, Movants have no plausible argument

that there was an appropriate opportunity for a hearing extended to the Debtors. At a minimum, an opportunity for a hearing requires that there be sufficient time given after the motion is filed and served for an opposing party to request a hearing. In the present case the order was being signed when Debtors' counsel received the copy of the motion.

Finally, a motion to extend the time for filing a complaint to determine the dischargeability of a debt is a "contested matter" governed by B.R. 9014 as a showing of "cause" must be made before such an extension may be granted.[6] Therefore, the better procedure in the particular circumstances of this case would be to set the motion for hearing pursuant to the local rules of this court and, as required thereunder, serve a copy of the motion and the notice of hearing on Debtors' counsel.

Consequently, due to Movants' failure to timely file a proper motion which substantially conforms to the Bankruptcy Rules of Procedure and this court's local rules as described above, this court finds itself without discretion to retroactively extend the time in which the Movants could file their complaint to determine the dischargeability of a debt allegedly owed them by the Debtors. (*In re Hill*, supra, 811 F.2d 484). This court recognizes the harsh result of this decision, especially in light of the fact that it was Movants' counsel and not the

---

4. See 9 *Collier on Bankruptcy* (15th Ed. 1089) ¶ 9013.05 at p.9013–6.

5. See generally Norton, *Bankruptcy Law and Practice,* Rules 4004, 4007; "The significance of the 'Hearing on Notice' requirement is that ex parte applications for [filing dischargeability complaints] are no longer permitted as they were under former practice ... Prior to the notice requirement it was not unusual for creditors to obtain ex parte applications for extensions of time to [file dischargeability complaints] ... In ex parte action, the debtor *would not know that the discharge was subject to dispute* until after receiving a copy of the order granting the extension or being served with a copy of the complaint listing the objections ... Litigation by surprise has been eliminated by subdivision [c]." (Rule 4004, supra, at 262–263, incorporated by reference at Rule 4007, p.277, nt.6).

6. B.R. 9014 provides in pertinent part as follows:

Rule 9014. Contested Matters.

"In a contested matter in a case under the Code not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought ... The motion shall be served in the manner provided for service of a summons and complaint by Rule 7004 ..."
The 1983 Advisory Committee Notes to Rule 9014 define a "contested matter" as follows;

"Whenever there is an actual *dispute,* other than an adversary proceeding, before the bankruptcy court, the litigation to resolve that dispute is a contested matter ... Even when an objection is not formally required, there may be a dispute." (Republished in Norton, *Bankruptcy Law and Practice* (1988–1989 Ed.) Bankruptcy Rules, at Rule 9014, p.811).

Movants themselves who negligently failed to secure a timely extension to file a complaint. This court finds itself bound, however, by what it considers to be the clear and unambiguous requirement of B.R. 4007(c) as interpreted in this Circuit: namely, to divest this court of all discretion to extend the time in which to file a dischargeability complaint in the absence of a properly filed motion within the given time period. This ruling furthers the avowed policy of promoting the Debtors' ability to effectuate their fresh start without having to speculate as to the status of their discharge.

### B. OBJECTIONS TO EXEMPTIONS.

The Movants' objections were threefold and will be addressed in the order presented.

■ 1) Movants object to Debtors' attempt to claim two lien free vehicles, a 1981 Honda Prelude with a value of $1,200 and a 1976 Chevrolet truck with a value of $1,000, as exempt pursuant to California Code of Civil Procedure ("C.C.P.") § 704.010.[7] Debtors, relying on *In re Talmadge* 832 F.2d 1120 (9th Cir.1987), argue that Debtors filing a joint petition are entitled to claim separate exemptions if they choose the so called "state exemptions" as opposed to the "alternative exemptions" (which track the federal exemption scheme of 11 U.S.C. § 522(d)) permitted to debtors filing bankruptcy in C.C.P. § 703.140. Debtors' reliance is misplaced.

The *Talmadge* court (at pg. 1123) relied on C.C.P. § 704.110 which, in effect, limits California married debtors to one set of exemptions regardless of which alternative they choose and whether or not they file bankruptcy. They may therefore keep the Honda and surrender the truck, or keep the truck and receive $200 for their equity in

the Honda (See also, *In re Nygard,* 55 B.R. 623 (Bkrtcy.E.D.Cal.1985), aff'd 71 B.R. 779 (9th Cir.BAP 1987)).

2) Movants next object to the failure of Debtors to either account for or claim as exempt certain funds which existed in the Debtors' checking and savings accounts prior to and at the date the bankruptcy petition was filed.[8] The Debtors assert in their opposition to this motion that the cash in their bank account on the date the petition was filed represents payments from Ms. Stratton's disability insurance. The record reflects, furthermore, that the Debtors in fact amended their schedules on May 15, 1989 to claim as exempt a total of $5,883.10 of cash received by Ms. Stratton from disability insurance pursuant to C.C.P. § 704.130.[9] No one has objected to the amendment and the Debtors declare under penalty of perjury that the information in the amended schedule is true and correct. Nevertheless, a question still remains as to whether all of the money in the accounts were exempt both before and on the date the petition was filed, since the amounts claimed as exempt in the amendment do not account for all of the funds in the two accounts from October 31 until the petition was filed. Further investigation by the Chapter 7 trustee seems appropriate.

3) Finally, Movants object to the Debtors' claim of a $60,000.00 homestead exemption to the extent that it was made possible by the allegedly fraudulent use by the Debtors of Movants' money to improve their homestead. Although there is no question that the fraudulent use of another's money to improve a homestead is a valid ground for attacking a bankrupt's homestead exemption [See e.g., *Stoner v. Walsh,* 24 Cal.App.3d 938, 101 Cal.Rptr. 485 (1972) (Defrauded creditor entitled to execute against the homestead into which

---

**7.** C.C.P. § 704.010 provides in pertinent part as follows:

  (a) Any combination of the following is exempt in the amount of one thousand two hundred dollars ($1,200):

    (1) The aggregate equity in motor vehicles.

**8.** Movants have also requested an order that Debtors account for and turn over certain funds

withdrawn from the account prior to the filing of bankruptcy.

**9.** § 704.130 essentially provides that before payment, benefits from a disability or health insurance policy are exempt without making a claim, while after payment said benefits are exempt with certain nonapplicable exceptions. (Added by Stats.1982, c. 1364, § 2).

the fraudulently borrowed money was put), citing *Kemp v. Enemark*, 194 Cal. 748, 230 P. 441 (1924) ], Debtors correctly observe that no finding of fraud has been made.[10]

■ This court can perceive no reason why the parties should be prevented from litigating the issue of whether Movants are entitled to execute their claim against the Debtors' claimed homestead exemption on the ground that such exemption was created by fraudulent means. Although it is true that Movants' claim was technically discharged on April 13, 1989, the allegations made surrounding the transaction, if subsequently found to be true by this court or the El Dorado Superior Court, would easily lend themselves to the implementation of either a constructive trust[11] or an equitable lien[12] which would relate back to the time it was found to have been created by the conduct of the parties. (51 Am. Jur.2d Liens, § 23 at p.161 (citing, inter alia, *Hise v. Superior Court of Los Angeles*, (1943) 21 Cal.2d 614, 134 P.2d 748). Such a lien or trust will necessarily survive discharge as does any other security interest in property notwithstanding the unenforceability of the underlying claim. (11 U.S.C. § 506(d)). Furthermore, in the event this or any other court of competent jurisdiction finds ultimately that the homestead consists in whole or in part of proceeds obtained by fraud, said exemption would not be exempt from execution under California law (supra), thereby rendering 11 U.S.C. § 522(f) ineffective for purposes of avoiding the equitable lien therein.

Consequently, although the Debtors' claim to a $60,000.00 exemption in their homestead will be affirmed due to the absence of any objection to the propriety of said exemption, it will remain subject to the right of Movants to execute on said homestead interest upon further order of this court.

## DISPOSITION

The foregoing, where appropriate, shall constitute this court's findings of fact and conclusions of law. For the reasons set forth above, Movants' request for an extension to file their Complaint to Determine the Dischargeability of Debt must be denied, and the complaint dismissed pursuant to the Debtors' motion. There being no complaints on file which raise timely objections to either the dischargeability of the Debtors' debts or their discharge, this court's April 13, 1989 order granting the Debtors' discharge shall remain undisturbed. Debtors' counsel shall prepare appropriate orders consistent with the above.

Movants' objection to the Debtors' exemption claim to the two motor vehicles is sustained. The Chapter 7 trustee, Richard E. Bleau, shall take appropriate action in respect to the motor vehicles and investigate and determine whether any of the funds in the Debtors' checking and savings accounts are available for the benefit of the estate. Movants' objection to the Debtors' homestead exemption is deferred until a trial can be had on the issue of the Debtors' fraud. The parties may file appropriate motions to determine in which forum the trial shall take place. Movants' counsel shall prepare appropriate orders in respect to the court's disposition of the objections to the Debtors' claim of exemptions as set forth above.

---

**10.** The moving papers indicate that a pre-petition action for fraud was tried but never ultimately resolved by the El Dorado County Superior Court due to intervening bankruptcy action. (*Kennedy v. Stratton*, No. 50665).

**11.** See generally, 60 Cal.Jur.3d, Trusts §§ 287–290; 76 Am.Jur.2d Trusts § 248 et seq.

**12.** An "equitable lien" is a creature of equity and is the right the have a fund or specific property applied to payment of a particular debt and is based on the equitable doctrine of unjust enrichment. (*U.S. v. Adamant Co.*, 197 F.2d 1 (9th Cir.1952) cert. den. *Bullen v. Scoville* 344 U.S. 903, 73 S.Ct. 283, 97 L.Ed. 698 (1952); See generally: 51 Am.Jur.2d Liens at §§ 23,34; Rest., Restitution §§ 1,161.