5 F.3d 537
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In re Paul HURNS, dba Paul Hurns Construction Co., Debtor.
CHANNEL AND BASIN RECLAMATION INCORPORATED, Appellant,
v.
Paul HURNS, dba Paul Hurns Construction Co., Appellee.
 No. 93-55191.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 11, 1993.*
Decided Aug. 20, 1993.
 
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Channel and Basin Reclamation Incorporated ("C & B") appeals the Bankruptcy Appellate Panel's ("BAP") order affirming the bankruptcy court's order dismissing as untimely C & B's complaint to determine dischargeability of a debt. We have jurisdiction pursuant to 28 U.S.C. Sec. 158(d). We review de novo, Manufacturers Hanover v. Dewalt (In re Dewalt), 961 F.2d 848, 850 (9th Cir.1992), and affirm.
 
 
 3
 Appellee Paul Hurns filed a Chapter 11 bankruptcy petition on April 14, 1984. The first meeting of creditors was scheduled for June 12, 1984. C & B was not listed as a creditor of Hurns and was not given formal notice of the meeting. Consequently, C & B did not attend the meeting. On February 14, 1986, the bankruptcy court confirmed a plan of reorganization. On October 24, 1990, more than six years after the first meeting of creditors was scheduled, C & B filed a complaint in bankruptcy court seeking a determination of dischargeability of a debt allegedly owed to C & B by Hurns.
 
 
 4
 Bankruptcy Rule 4007(c) provides, in pertinent part, that "[a] complaint to determine the dischargeability of any debt pursuant to [11 U.S.C.] Sec. 523(c) of the [Bankruptcy] Code shall be filed not later than 60 days after the first date set for the meeting of creditors held pursuant to [11 U.S.C.] Sec. 341(a)." Bankr.R. 4007(c); Kelly v. Gordon (In re Gordon), 988 F.2d 1000, 1001 (9th Cir.1993) (per curiam). C & B had actual notice of Hurns's bankruptcy petition by June 21, 1984, the date C & B filed an action in state court against Hurns and clearly pled its knowledge of the petition. C & B thus had ample time, 51 days, in which to file a complaint or a motion for an extension of time. See Bankr.R. 4007(c) (requiring thirty days notice of deadline); In re Gordon, 988 F.2d at 1001; In re Dewalt, 961 F.2d at 851 & n. 3 (stating that "a creditor who learns of a bankruptcy filing has a duty to inquire into the relevant deadlines"). Because C & B failed to take either action within the sixty-day deadline, its complaint was untimely. See Bankr.R. 4007(c); In re Gordon, 988 F.2d at 1001.
 
 
 5
 C & B contends that, as part of a settlement agreement, Hurns stipulated that he would not assert the lateness of C & B's complaint as a defense in bankruptcy court. C & B contends Hurns breached the agreement by filing a motion to dismiss and that the bankruptcy court should have honored the stipulation. This contention lacks merit.
 
 
 6
 Under Rule 4007(c), the bankruptcy court may extend the time for filing a complaint to determine dischargeability "only to the extent and under the conditions stated in [that] rule [ ]." Bankr.R. 9006(b)(3); see Sonoma V v. Sells (In re Sonoma V), 703 F.2d 429, 431 (9th Cir.1983) (per curiam) (dealing with former Bankr.R. 906). Rule 4007(c) provides that any motion for an extension of time "shall be made before the time [for filing the complaint] has expired." Bankr.R. 4007(c). The bankruptcy court has no discretion to grant a late motion for an extension of time. See Jones v. Hill (In re Hill), 811 F.2d 484, 486-87 (9th Cir.1987); Loma Linda Univ. Medical Ctr. v. Neese (In re Neese), 87 B.R. 609, 612 (Bankr. 9th Cir.1988).
 
 
 7
 C & B sought bankruptcy court approval of the stipulation in 1989. The deadline for filing a complaint to determine dischargeability had long since passed, however, and the bankruptcy court had no discretion to grant an extension of time based on the stipulation. See Bankr.R. 4007(c), 9006(b)(3); In re Hill, 811 F.2d at 486-87; In re Neese, 87 B.R. at 612.
 
 
 8
 Moreover, whether Hurns breached some private agreement not to raise timeliness of the complaint as a defense is irrelevant. C & B and Hurns could not stipulate to an extension of time without court approval. See In re Hill, 811 F.2d at 486-87; In re Neese, 87 B.R. at 611-12. Here, the bankruptcy court specifically declined to approve the stipulation and instead told C & B it could file the complaint to put the timeliness of the filing at issue. Thus, there was no valid stipulation before the court to bind Hurns. The bankruptcy court was therefore free to consider timeliness of the complaint as a defense. See In re Hill, 811 F.2d at 486-87; In re Neese, 87 B.R. at 611-12.[1]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 C & B's reliance on Schunck v. Santos (In re Santos), 112 B.R. 1001 (Bankr.9th Cir.1990) is misplaced. First, the doctrine of equitable estoppel is inapplicable in this case because there is no indication that C & B relied on any words or conduct of Hurns in failing to file a complaint during the sixty-day filing period. See id. at 1007 (stating that "[e]quitable estoppel requires reasonable reliance on a defendant's words or conduct in forebearing suit within the applicable limitations period" (emphasis added)). Second, Hurns did not waive the timeliness defense because he raised it in his motion to dismiss for failure to state a claim. See Bankr.R. 7012(b) (Fed.R.Civ.P. 12(b) applicable in bankruptcy proceedings); Fed.R.Civ.P. 12(b) (defense of failure to state a claim may be raised by motion)