In re Marla J. RABIN;  Nanoshka C. Johnson, Debtors.

Marla J. Rabin;  Nanoshka C. Johnson, Appellants,

v.

E. Lynn Schoenmann, Chapter 7 Trustee, Appellee.

BAP No. NC–06–1005–A1MAS.
Bankruptcy Nos. 05–32572, 05–32573.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted June 23, 2006.

Original Filed Dec. 8, 2006.

Amended Jan. 24, 2007 [1].

1.  This Amended Opinion contains only minor revisions of our original Opinion issued on December 8, 2005.  The revisions concern our general discussion of California exemp- tion law, and they do not affect the outcome of this appeal, nor do they affect the key reasoning on which that outcome is based.

Stephanie Morris, Law Office of Stephanie Morris, San Francisco, CA, for Marla J. Rabin and Nanoshka C. Johnson.

Elizabeth Murphy, Stromsheim & Associates, San Francisco, CA, for E. Lynn Schoenmann, trustee.

Before: ALLEY,[2] MARLAR and SMITH, Bankruptcy Judges.

## AMENDED OPINION

ALLEY, Bankruptcy Judge.

Appellants are registrants under California's statutory scheme defining the economic rights and liabilities of qualifying domestic partners. At the time their bankruptcy petitions were filed each owned an undivided interest in their home. Each claimed the full homestead exemption accorded to individuals by California law. The trustee objected to the exemptions, arguing that California law requires that the appellants be subject to the same rule as are married persons: that is, that a single exemption must be shared between them. The bankruptcy court sustained the trustee's objection, and we AFFIRM.

## I. FACTS

Appellants Marla Rabin and Nanoshka Johnson have been in a committed relationship for a number of years. One has a biological child which the other adopted shortly after the child's birth. Their well-integrated economic lives included the joint ownership and operation of a business. In 1995, they purchased a home together in San Francisco.

In 2000, Ms. Rabin and Ms. Johnson registered with the State of California's

2. Hon. Frank R. Alley, III, Bankruptcy Judge for the District of Oregon, sitting by designation.

Domestic Partnership Registry, described below. When California enacted the Domestic Partner Rights and Responsibilities Act of 2003 (hereinafter "DPRRA" or "Act"), they elected to remain as registered partners. The amendments to the DPRRA, codified at Cal. Fam.Code § 297 et seq., became effective on January 1, 2005.

Appellants filed separate petitions for relief under the Bankruptcy Code[3] on August 11, 2005. At the time, they lived together in the San Francisco property. Each disclosed a 50% interest in the homestead, and each claimed a full $75,000 homestead exemption. The trustee ("Trustee") filed a motion for joint administration of the two estates, which was allowed.[4]

The Trustee took possession of the real property and sold it at auction. From the proceeds of the sale, she paid each debtor one-half of the claimed homestead exemption, or $37,500. The Trustee had filed a timely objection to the claimed homestead exemptions on the grounds that under the DPRRA, registered domestic partners are to be treated under the applicable state laws as if they were spouses and, as such, can therefore claim only a single homestead exemption.

After a hearing, the bankruptcy court entered its opinion and order affirming the Trustee's objection. Debtors timely appealed.

3. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated prior to the effective date (October 17, 2005) of The Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. No. 109–8, Apr. 20, 2005, 119 Stat. 23.

## II. ISSUE

Whether registered domestic partners in California may each claim a full, separate homestead exemption when both file bankruptcy, or are limited to a single homestead exemption.

## III. STANDARD OF REVIEW AND CHOICE OF LAW

■ Questions of law and statutory interpretation are reviewed de novo by the appellate court. *In re Hill,* 811 F.2d 484, 485–86 (9th Cir.1987); *Torres–Lopez v. May,* 111 F.3d 633, 638 (9th Cir.1997) (application of statute). "In bankruptcy actions, 'the federal courts decide the merits of state exemptions, but the validity of the claimed state exemption is controlled by the applicable state law.'" *In re Been,* 153 F.3d 1034, 1036 (9th Cir.1998) (citing *In re Goldman,* 70 F.3d 1028, 1029 (9th Cir.1995)).

## IV. DISCUSSION

A. *State Waiver of Federal Exemption Scheme*

■ The Bankruptcy Code at section 522 provides the framework for debtors who claim exemptions. Section 522(b)(1) allows debtors to claim exemptions listed in the Code at subsection (d), unless the state in which the debtor is domiciled for the 180–day period prior to the bankruptcy filing date does not so authorize. In that case, debtors are limited to the exemptions provided by state and local law and federal

4. Joint cases under the Bankruptcy Code may be filed by an individual with such individual's spouse. Section 301. Even then, "after the commencement of a joint case, the court shall determine the extent, if any, to which the debtors case shall be consolidated." Section 302(b). The section is limited to married partners of the opposite sex by the Defense of Marriage Act, Pub.L. No. 104–199, Sept. 21, 1996, 110 Stat. 2419.

exemptions other than those provided in the Bankruptcy Code. Section 522(b)(2). The State of California has not authorized the use of the exemptions provided for in section 522(d). Cal.Civ.Proc.Code § 703.130 (West 2006). Consequently, those residents of California who file bankruptcy are limited to the exemptions allowable to California residents under non-bankruptcy law.

## B. *California Domestic Partner Rights and Responsibilities Act (DPRRA)*

The California legislature enacted Family Code § 297 in 1999, with later amendments in 2001. The Act allows same-sex couples who are both 18 years of age or older, and living together, to register as domestic partners.[5] Family Code § 297.5, added in 2003, became effective on January 1, 2005, and provides:

**297.5. Rights, protections and benefits; responsibilities; obligations and duties under law; date of registration as equivalent of date of marriage**

(a) Registered domestic partners shall have the same rights, protections, and benefits, and shall be subject to the same responsibilities, obligations, and duties under law, whether they derive from statutes, administrative regulations, court rules, government policies, common law, or any other provisions or sources of law, as are granted to and imposed upon spouses.

\*   \*   \*   \*   \*   \*

(e) To the extent that provisions of California law adopt, refer to, or rely upon, provisions of federal law in a way that otherwise would cause registered domestic partners to be treated differently than spouses, registered domestic partners shall be treated by California law as if federal law recognized a domestic partnership in the same manner as California law.

\*   \*   \*   \*   \*   \*

(k) This section does not amend or modify federal laws or the benefits, protections, and responsibilities provided by those laws.

(1) Where necessary to implement the rights of registered domestic partners under this act, gender-specific terms referring to spouses shall be construed to include domestic partners.

As explained by the California Legislature,

the Domestic Partnership Act 'shall be construed liberally in order to secure to eligible couples who register as domestic partners the full range of legal rights, protections and benefits, as well as all of the responsibilities, obligations, and duties to each other, to their children, to third parties and as to the state, as the laws of California extend to and impose upon spouses.'

*Koebke v. Bernardo Heights Country Club,* 36 Cal.4th 824, 846, 31 Cal.Rptr.3d 565, 115 P.3d 1212, 1223 (2005) (citing Stats. 2003, ch. 421, § 15). The California Supreme Court stated that the Legislature made it clear that an important goal of the DPRRA is to create substantial legal equality between domestic partners and traditional spouses. *Id.* at 845 and 1223.

From the general statement that registrants are to be treated as if they were spouses, several exceptions were made:[6]

---

**5.** The Act also permits registration of domestic partnerships between two people of opposite gender who are eligible to receive social security benefits if one of the partners is at least 62 years old. Cal. Fam.Code § 297(b)(5)(B) (West 2006).

**6.** In legislation filed with the Secretary of State on September 30, 2006, the California legislature amended Family Code § 297.5 and state tax law to allow registered domestic partners to file state income tax returns in the same manner as do "spouses." The primary

(1) Registrants must use the same filing status for state income tax returns as is used in filing their federal income tax return. Earned income may not be treated as community property on the state income tax return. Section 297.5(g).

(2) No provisions of the California Constitution or of a state statute adopted by initiative are amended or modified by the DPRRA. Section 297.5(j).[7]

(3) No federal laws or the benefits, protections, and responsibilities provided by those laws are amended or modified by the DPRRA. Section 297.5(k).

(4) The mechanism for terminating a domestic partnership under the Family Code differs from that for the termination of a marriage. *See Knight v. Superior Court*, 128 Cal.App.4th 14, 30–31, 26 Cal. Rptr.3d 687, 699, *rev. denied* 6/29/05 (2005).

## C. *California Homestead Exemption*

A California resident is allowed a $75,000 homestead exemption if the debtor or spouse of the debtor who resides in the homestead is a member of a family unit, and at least one member of the family unit owns no interest in the homestead or has only a community property interest in the homestead with the debtor. Cal.Civ.Proc. Code § 704.730(a)(2) (West 2006).[8]

However, "If the judgment debtor is married: ... Where the property exempt under a particular exemption is limited to a specified maximum dollar amount, unless the exemption provision specifically provides otherwise, the two spouses together are entitled to one exemption limited to the specified maximum dollar amount ...." Cal.Civ.Proc.Code § 703.110(a) (West 2006). If the exemption claimed is for a homestead and both spouses are entitled to a homestead exemption, the exemption is apportioned between the spouses on the basis of their proportionate interests in the homestead. Cal.Civ.Proc. Code § 704.730(b) (West 2006).

The bankruptcy court held that Family Code § 297.5(a) ("Registered domestic partners shall have the same rights, protections, and benefits, and shall be subject to the same responsibilities, obligations, and duties under law ... as are granted to and imposed upon spouses") required application of Civil Procedure Code § 703.110(a). In so doing, the Court rejected the Debtors' argument that, in this context, "spouse" and "married [person]" are somehow distinguishable.

## D. *Appellants' Arguments*

The Debtors argue that Cal.Civ.Proc. Code § 703.110 is not applicable because they are not, in fact, married. They assert that the word "married" in this context refers to the *status* of marriage rather than to the rights and responsibilities of being a spouse. In making this argument, the Debtors state that while the DPRRA makes "spouse" and "domestic partner" legally equivalent in many respects, nowhere in the text of the Act does it equate "domestic partner" with "married person." Debtors dispute the bankruptcy court's

---

change in section 297.5 was to subsection (g), which was eliminated. However, subsection (k), which provided that no federal laws would be affected by the DPRRA, was also eliminated. The elimination of subsection (k), however, has no practical effect as the supremacy clause of the U.S. Constitution, U.S. CONST. art. VI, cl. 2, invalidates state laws to the extent that they interfere with, or are contrary to, federal law.

7. Subsection (i) as amended September 30, 2006.

8. It was not disputed by the parties that the applicable exemption amount is $75,000, rather than the $50,000 provided in § 704.730(a)(1), as the Debtors' child lives with them as part of the family unit.

contention that Family Code § 11 makes the terms "spouse," and "husband" and "wife," synonymous with "married persons." Moreover, they claim, there are differences between registered domestic partners and married spouses under California law that are not enumerated in the Act, which indicates that those differences "inhere in the nature of marriage as a *status,* rather than as a set of rights and obligations."

The Family Code provides that "[a] reference to 'husband' and 'wife,' 'spouses,' or 'married persons,' or a comparable term, includes persons who are lawfully married to each other and persons who were previously lawfully married to each other, as is appropriate under the circumstances of the particular case." Cal. Fam.Code § 11 (West 2006). Debtors assert that the DPRRA creates an additional category of spouse, called a domestic partner, which is distinguishable from "married person." We do not agree.

Family Code § 11 clearly provides that "husband" and "wife," "spouses," and "married persons" all refer to the same category of person. If someone is a "husband" or "wife," or a "spouse," that person would also be considered a "married person." As the bankruptcy court stated, "[b]ecause this definition predates the Domestic Partners Act, the Legislature is presumed to have relied upon it in defining the rights and responsibilities of registered domestic partners."

■ Debtors point to two unenumerated differences between the rights and responsibilities provided in the DPRRA and those of married persons: the inability of a registered domestic partner to be lawfully married, and spousal exemptions from federal gift and estate taxes. Both of these differences are excepted by the terms of the DPRRA, the first by section 297.5(j) which provides that the Act may not modify any provisions of the California Constitution or of a state statute adopted by initiative (i.e. Proposition 22 establishing marriage between a man and woman only as valid in California), and the second by section 297.5(k) which provides that no federal laws or the benefits, protections, and responsibilities provided by those laws may be modified (i.e. federal gift and estate tax laws). The Legislature clearly intended that registered domestic partners have the same rights and responsibilities under California law as spouses, married persons, a wife or a husband, excepting only to the extent explicitly excluded by the Act.

■ Debtors further argue that limiting registered domestic partners to only one combined homestead exemption, while forcing them to file separate bankruptcy petitions, is inequitable and contrary to the intent of the Legislature in passing the DPRRA.[9] Bankruptcy Code section 302 does indeed limit joint filings (and the payment of a single fee) to married people as a matter of federal law; however, the language of the statute suggests that there is no more than a presumption that cases filed by spouses should be jointly administered, which presumption may be overcome if the court determines that joint administration should not take place. Moreover, as occurred here, consolidation of cases brought by individuals who are not spouses may also be ordered. In determining whether cases of individual debtors should be consolidated, there is no

---

**9.** That the debtors in this bankruptcy case were required to pay two filing fees rather than one does not create a significant factual or legal underpinning to support their arguments on appeal. Bankruptcy fees are set by Congress and the Judicial Conference of the United States pursuant to 28 U.S.C. § 1930.

reason to suppose that bankruptcy courts would apply different criteria based merely on the gender of the parties. This is especially so where, as here, applicable state law actively eliminates distinctions on that basis.[10]

### E. *Two Classes of Partner?*

In *Knight v. Superior Court*, 128 Cal. App.4th 14, 26 Cal.Rptr.3d 687, the California Court of Appeal examined the relationship between the DPRRA and Initiative Proposition 22. The proposition, approved by the voters of California in March 2000, states that "[o]nly marriage between a man and a woman is valid or recognized in California." *Id.* at 20, 26 Cal.Rptr.3d 687. (The provision is codified at Family Code § 308.5). The plaintiff in *Knight* challenged the DPRRA on the grounds that the Act and the Proposition were incompatible. California's Constitution provides that an amendment by the Legislature to an initiative statute must itself be ratified by the voters. Calif. Const. Art II, Sec. 10(c); *Knight*, 128 Cal.App.4th at 18, 26 Cal.Rptr.3d 687.

The appellate court sustained the validity of the DPRRA. Noting that there are a number of differences between the "status" of a married couple and registrants under the DPRRA, the Court held that the two are not identical. Among the disparities are the exclusions set out in the DPRRA itself, denial of "marital benefits" provided under federal law, differing age limits, the requirement that domestic partners reside together as a prerequisite to registration, different forms of solemnization of the relationship, the method of terminating the relationship, and the rec-

ognition, or lack thereof, of domestic partnerships in other jurisdictions. It follows, the Court reasoned, that a domestic partnership is not a disguised form of marriage, and that the DPRRA's recognition of domestic partnerships is not incompatible with Proposition 22's restriction of marriage to members of opposite genders: "The numerous dissimilarities between the two types of unions disclose that the Legislature has not created a 'same-sex marriage' under the guise of another name." *Id.* at 31, 26 Cal.Rptr.3d 687.

The dichotomy observed by the Court in *Knight* appears to be between the "status" of marriage, and the rights and responsibilities associated with marriage. *Id.* at 25, 26 Cal.Rptr.3d 687. Debtors offer no method of distinguishing between the two. They suggest, however, that the allocation of debtors' rights under the homestead statute is a difference in "status," and not subject to the DPRRA. We disagree.

■ The issue at hand is an economic one: the degree of protection from creditors to be accorded to debtors. Wherever the line may be drawn by California's courts between marital status on one hand, and the economic rights and liabilities of couples on the other, we hold that application of the homestead exemption statute clearly falls in the latter category. In so holding, we follow the plain language of the DPRRA, and uphold a result more consonant with the Legislature's stated purpose of equalizing, for purposes of creditor/debtor relations, the status of registered domestic partners and married couples. *Koebke*, 36 Cal.4th at 839, 31 Cal.Rptr.3d 565, 115 P.3d 1212.[11]

---

10. We acknowledge one difference: that spouses filing jointly are not required to pay separate filing fees. There is no refund if separately filed cases are consolidated.

11. We are aware of the anomaly that debtors with common interests in homestead property who are neither married nor registered domestic partners might each be entitled to a $75,000 exemption. However, this does not

Under California law, a judgment debtor may claim a homestead exemption to exempt a certain amount of the proceeds of an execution sale of his or her homestead property. *See* Cal.Civ.Proc.Code § 704.720. The exemption claim is not dependent on whether a debtor files bankruptcy, and can be employed any time a judgment creditor seeks to enforce its money judgment. There is nothing in state law which differentiates between the calculation of a homestead exemption for state-law purposes and for federal bankruptcy purposes. Accordingly, the argument that the interaction of federal bankruptcy law with California exemption law creates a new inequity for domestic partners which should somehow affect the exemption calculation is without merit. The homestead exemption as calculated under California law, without regard to bankruptcy, is the homestead exemption to be used in bankruptcy.

### V. CONCLUSION

Because California has opted out of the federal bankruptcy exemption scheme, residents who file bankruptcy are limited to exemptions allowed under the state's exemption scheme. Under California law, the homestead exemption rights of registrants under the DPRRA are identical to those of people who are married, which is a single combined exemption. The bankruptcy court's decision is, therefore, AFFIRMED.

change the result: Under California law, couples with formally joined economic interests, whether as spouses or registrants, are limited to a single homestead exemption.