**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AMINA ANWAR; et al., | No. 11-16612 |
| Appellants, | D.C. No. 2:10-cv-02036-SRB |
| v. | |
| D. LEE JOHNSON; et al., | MEMORANDUM* |
| Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Argued and Submitted February 12, 2013
Stanford, California

Before: FARRIS, THOMAS, and N.R. SMITH, Circuit Judges.

Amina Anwar and David C. McClanahan (collectively, "Anwar") appeal

from the district court's judgment affirming the dismissal of their complaints

challenging the dischargeability in bankruptcy of debts owed to them by D. Lee

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Johnson and David Vergeyle.  We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291, and we affirm.

I

The bankruptcy court correctly held that it lacked discretion to grant an equitable exception to the deadline set for filing nondischargeability complaints in Federal Rule of Bankruptcy Procedure ("FRBP") 4007(c).  Consistent with the plain language of that rule, as well as FRBP 9006(b)(3)'s specific instruction that bankruptcy courts may only extend the deadline as Rule 4007(c) itself permits,[1] we have repeatedly held that the deadline for filing nondischargeability complaints is "strict" and "cannot be extended unless a motion is made before the 60-day limit expires."  *Allred v. Kennerley (In re Kennerley)*, 995 F.2d 145, 146 (9th Cir. 1993) (citing *Anwiler v. Patchett (In re Anwiler)*, 958 F.2d 925, 927 (9th Cir. 1992)); *see*

---

[1]  This precludes any retroactive extension of Rule 4007(c)'s filing deadline on the basis of "excusable neglect."  As a result,  the bankruptcy court correctly declined to apply the factors articulated in *Pioneer Investment Services v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993).  *See Kelly v. Gordon (In re Gordon)*, 988 F.2d 1000, 1001 n.1 (9th Cir. 1993).

*also, e.g., Classic Auto Refinishing, Inc. v. Marino (In re Marino)*, 37 F.3d 1354, 1358 (9th Cir. 1994); *Jones v. Hill (In re Hill)*, 811 F.2d 484, 486 (9th Cir. 1987).[2]

The bankruptcy court's equitable power under section 105(a) of the Bankruptcy Code, 11 U.S.C. § 105(a), cannot be used to circumvent deadlines made firm by the Bankruptcy Code and FRBP. *Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 206 (1988); *see also Ziddell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1432 (9th Cir. 1990) (holding that the bankruptcy court may not use its equitable power under § 105(a) to enlarge time for filing a proof of claim under FRBP 3002(c) where FRBP 9006(b)(3) limits grounds for extension to those stated in FRBP 3002(c) itself). Given Anwar's failure to move for an extension of the filing period before the deadline expired, the bankruptcy court lacked discretion to grant her relief. *See In re Hill*, 811 F.2d at 486.

II

Local Rule of Bankruptcy Procedure ("LRBP") 5005-2(n) cannot provide Anwar an extension for filing nondischargeability complaints that is expressly

---

[2] The question of whether the bankruptcy court may retroactively extend Rule 4007(c)'s filing deadline due to its own actions, such as misleading the parties or technical problems with the court's electronic filing system, is not presented by this appeal.

foreclosed by the federal bankruptcy rules. *See Sunahara v. Burchard (In re Sunahara)*, 326 B.R. 768, 782 (B.A.P. 9th Cir. 2005) (citation omitted). While LRBP 5005-2(n) might be validly applied in the mine run of bankruptcy cases, in which the court may retroactively extend filing deadlines upon a showing of excusable neglect, *see* Fed. R. Bankr. P. 9006(b)(1), it cannot be applied to circumvent FRBP 9006(b)(3). As we have already stated, FRBP 9006(b)(3) precludes both the application of an "excusable neglect" exception to FRBP 4007(c)'s filing deadline and the retroactive extension of FRBP 4007(c)'s filing deadline by limiting the grounds for extension to that which FRBP 4007(c) itself permits, *i.e.*, only "for cause" upon motion filed by a party in interest before the filing deadline has passed. Where, as here, a local procedural rule conflicts with a federal rule, the local rule "cannot be enforced." *Pradier v. Elespuru*, 641 F.2d 808, 810 (9th Cir. 1981).

III

Because Anwar failed to raise any argument for relief under 11 U.S.C. § 523(a)(3)(B) in the bankruptcy court or the district court and has not established any exceptional circumstances, the argument has been waived. *Concrete Equip. Co., Inc. v. Fox (In re Vigil Bros. Constr., Inc.)*, 193 B.R. 513, 520 (B.A.P. 9th Cir.

1996) (citing *United States v. Oregon*, 769 F.2d 1410, 1414 (9th Cir. 1985)).  We

need not and do not address any other issue urged by the parties.


     **AFFIRMED.**