**In re Aquiles E. GAONA, Debtor.**

No. 02–09340–M13.

United States Bankruptcy Court,
S.D. California.

March 10, 2003.

Thomas K. Atwood, Esq., La Mesa, CA, for Debtor.

Jeffrey B. Baird, Esq., Marks & Golia, LLP, San Diego, CA, for Erickson–Hall Construction Co.

Jason R. Thornton, Esq., Marks & Golia, LLP, San Diego, CA, for I.E. Pacific Inc.

Thomas H. Billingslea, Jr., Esq., David L. Skelton, Esq., San Diego, CA, Chapter 13 Trustee.

## MEMORANDUM DECISION

JOHN H. HARGROVE, Chief Judge.

Erickson–Hall Construction Company ("Erickson") and I.E. Pacific, Inc. ("Pacific"), filed objections to debtor's plan. Debtor challenges the timeliness of Erickson's and Pacific's objections because they failed to comply with Local Bankruptcy Rule ("LBR") 3015–5. Local rule 3015–5 requires creditors who object to a debtor's chapter 13 plan to obtain a hearing date from the chapter 13 trustee no later than the date the § 341(a) meeting is concluded and then file and serve the objection on the next court day. Erickson and Pacific filed their objections approximately six weeks after that deadline.

Erickson also filed an application to take debtor's 2004 exam and for production of documents. Debtor moved to quash the subpoena on the grounds that Erickson's objection to the plan is untimely and, therefore, Erickson lacks standing to take his 2004 exam.

This case presents an issue of first impression in the Southern District of California Bankruptcy Court regarding whether an objection is timely when it is filed before confirmation as permitted by Federal Rule Bankruptcy Procedure ("FRBP") 3015(f), but outside the time period specified in LBR 3015–5.

This Court has jurisdiction to determine this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(1) and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### FACTS

Debtor filed his chapter 13 petition on September 23, 2002. The creditors' meet-

ing pursuant to § 341(a) of the Bankruptcy Code ("Code") was held and concluded on October 31, 2002. The chapter 13 trustee and the Internal Revenue Service objected to debtor's plan on November 1, 2002. Erickson and Pacific filed objections to debtor's plan on December 16, 2002, approximately six weeks past the date specified in LBR 3015-5. All the objections to confirmation of debtor's plan were consolidated and set for hearing on January 15, 2003.

Erickson also moved to take debtor's 2004 exam and for production of documents. Debtor moved to quash the subpoena that was issued for his 2004 exam. Debtor alleges that Erickson does not have standing to take his 2004 exam because it failed to comply with LBR 3015-5. Debtor argues that the local rule is not permissive, but mandatory and, therefore, because Erickson did not follow the local rule its objection to the plan is untimely. Debtor argues that because Erickson's objection was untimely, Erickson does not have standing to take his 2004 exam.

Erickson responds that LBR 3015-5 conflicts with FRBP 3015(f) which provides that creditors may file and serve an objection to confirmation of a plan anytime "before confirmation of the plan." Erickson argues that it complied with FRBP 3015(f) and that LBR 3015-5 is invalid. Erickson contends that because it's objection to confirmation of debtor's plan was timely under FRBP 3015(f), it has standing to take debtor's 2004 exam and debtor's motion to quash should be denied.

The Court took the matter under submission.

## DISCUSSION

A. *Standards for Determining the Validity of Local Rules.*

The Bankruptcy Appellate Panel in *In re Steinacher*, 283 B.R. 768, 772 (9th Cir. BAP 2002) set forth the standards for determining the validity of local rules.

... [T]he Supreme Court promulgated Rule 9029 which authorizes district courts to adopt local bankruptcy rules "governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction." (Citations omitted). "Although the district court and bankruptcy court have been delegated the authority to adopt local rules, that authority is carefully circumscribed: a district court may make rules prescribing the conduct of business but the rules must be consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure." (Citations omitted). A local rule may dictate practice or procedure "but may not enlarge, abridge or modify any substantive right." (Citation omitted).

The *Steinacher* court further noted that a "three-part test exists for determining the validity of a local rule: '(1) whether it is consistent with Acts of Congress and the Federal Rules of Bankruptcy Procedure; (2) whether it is more than merely duplicative of such statutes and rules; and (3) whether it prohibits or limits the use of Official Forms.'" *Id.* at 772–73. Thus, if LBR 3015-5 fails any part of this three-part test, it is invalid.

"Courts have broad discretion in interpreting and applying their own local rules adopted to promote efficiency in the court." *In the Matter of Adams,* 734 F.2d 1094, 1102 (5th Cir.1984) (citation omitted).

B. *The Rule Must Be Consistent with Acts of Congress*

"Court rules are entitled to a presumption that they were promulgated within the proper authority of the Supreme Court and do not affect substantive

rights." *In re Neese,* 87 B.R. 609, 611 (9th Cir. BAP 1988) (citations omitted). "A party contending that a court rule violates substantive rights bears a heavy burden of proof." *Id.*

Local Bankruptcy Rule 3015–5 provides:

The objecting party must obtain a hearing date from the chapter 13 trustee no later than the date the § 341(a) meeting is concluded. The objecting party must file the original and two (2) copies of its objection to confirmation, together with the notice of hearing required by Local Bankruptcy Rule 3015–8(b) and proof of service, with the clerk on the next court day following the date the § 341(a) meeting is concluded.

Federal Rule Bankruptcy Procedure 3015(f) provides:

An objection to confirmation of a plan shall be filed and served on the debtor, the trustee, and any other entity designated by the court, and shall be transmitted to the United States trustee, before confirmation of the plan. An objection to confirmation is governed by Rule 9014. If no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues.

Erickson does not argue that LBR 3015–5 modifies any substantive right granted in the Bankruptcy Code. Nonetheless, the Court applies the three-part test set forth in *Steinacher* and considers whether LBR 3015–5 conflicts with any "Act of Congress" as set forth in the first prong of the test.

The Court cannot find a conflict between any provision in the Code and the local rule. Section 1324 of the Code states that "a party in interest may object to confirmation of the plan", but it does not provide any time period in which such action must be taken. All LBR 3015–5 does is set forth time limits for filing and serving an objection to confirmation of the plan; it does not take away the right to object.

Moreover, LBR 3015–5 does not operate to affect in any way the manner in which the court would ultimately determine whether to confirm a debtor's chapter 13 plan. Even if no objections to confirmation are filed, the court "shall confirm a plan if" the requirements set forth in § 1325 of the Code are met. *See* 11 U.S.C. § 1325(a). The Court finds that LBR 3015–5 is merely procedural. One court noted that "[the local rule] does not transform into a substantive rule merely because it may in some way affect a substantive right." *See In re Hill,* 811 F.2d 484, 486 (9th Cir.1987).

### C. *The Rule Must Be Consistent with the Federal Rules Bankruptcy Procedure.*

The Court next considers whether LBR 3015–5 is consistent with the Federal Rules of Bankruptcy Procedure as required under the first prong of the *Steinacher* test. Erickson argues that LBR 3015–5 amounts to an abridgement of its substantive rights because FRBP 3015(f) offers a substantial amount of time to challenge confirmation.

When called upon to construe local rules, the Ninth Circuit has noted "[w]e are . . . under an obligation to construe local rules so that they do not conflict with the federal rules, and we have exercised our ingenuity in doing so." *Marshall v. Gates,* 44 F.3d 722, 725 (9th Cir.1995) (citation omitted). The Ninth Circuit also noted that it was "more inclined" to "engage in interpretation in order to produce consistency" when all of the district courts in the Ninth Circuit had rules similar to the local rule at issue. *Id.*

In *Marshall*, the court examined an apparent conflict between a local rule and Fed.R.Civ.P. 56(c). The local rule required a party opposing the summary judgment to serve upon all other parties and file with the Clerk...the evidence upon which the opposing party will rely in opposition to the motion fourteen days before the hearing on the motion. *Id.* at 724. The hearing date was set for September 21, 1992, and under the local rule Marshall was required to file his opposition papers by September 8, 1992. *Id.* However, Marshall's papers were not filed until September 17 and 18, and were not received by opposing counsel by the hearing date. *Id.*

The Ninth Circuit noted that Fed. R. Civ.P. 56(c) provided that the adverse party prior to the day of hearing may serve opposing affidavits. Therefore, the local rule appeared inconsistent with Rule 56(c) by requiring a much earlier filing and service of opposing affidavits. In resolving the apparent conflict between the local rule and Rule 56(c), the court held that Rule 56(c) "does not unconditionally require a district court to accept affidavits up to the date set for hearing on the motion for summary judgment. Rather, the rule allows district courts to adopt procedures pursuant to which the non-moving party may oppose a motion prior to a hearing date." *Id.* at 725. The court found the local rule in no way eliminated that opportunity; "instead it places a condition on that right." *Id.* The court found no conflict between the local rule and the federal rule.[1]

The "apparent conflict" between this court's local rule and FRBP 3015(f) is similar to the "apparent conflict" between the local rule and Fed. R. Civ.P. 56(c) in *Marshall*. It appears that LBR 3015–5 is inconsistent with FRBP 3015(f) because it requires a much earlier filing and serving of an objection to confirmation of a chapter 13 plan. However, as set forth below, this is not the case.

First, even if the Court were to read the first sentence of FRBP 3015(f), *i.e.*, an objection shall be filed and served "before confirmation of the plan", in isolation as Erickson suggests, *Marshall* demonstrates that the bankruptcy court may condition the right to object to confirmation by adopting procedures for plan objection prior to the hearing date. The local rule by no means takes away Erickson's opportunity to object to plan confirmation, but simply conditions that right by setting time limits.[2] In addition, consistent with *Marshall*, the Court takes judicial notice of local rules in other districts that contain time periods for filing and serving of objections to confirmation of a chapter 13 plan.[3] These local rules weigh in favor of an interpretation that produces consistency between the local rule and the federal rule.

In interpreting FRBP 3015(f), however, the Court does not construe the various sentences in that subsection in isolation. *See In re Duncan*, 245 B.R. 538, 540 (Bankr.E.D.Tenn.2000) ("the Supreme Court has directed that we not 'construe

---

1. Nonetheless, the court held that a summary judgment cannot be granted simply because a party violated a local rule. *Id.* at 725.

2. The Court also notes that FRBP 9029 does not say that "the bankruptcy courts are prohibited from imposing additional requirements on the parties." *See In re Walat*, 89 B.R. 11, 13 (E.D.Va.1988) (citation omitted).

3. *See* N.D. Cal. LBR 3015–1(a) (requiring objections to confirmation to be filed and served not less than 7 days before the hearing); C.D. Cal. LBR 3015–1(g) (requiring objections to be filed and served not less than 8 days before the § 341(a) meeting of creditors); D. Ariz. Chapter 13 Confirmation Procedures (requiring objections to be filed 60 days after the date of the meeting of creditors).

statutory phrases in isolation'") (citations omitted). As the *Duncan* court succinctly stated:

> The third sentence of Fed. R. Bankr.P. 3015(f) states that "[i]f no objection is timely filed, the court may determine that the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues" [emphasis added]. This sentence clearly contemplates that at the confirmation hearing, the court will determine if an objection has been "timely" filed. Such a determination can only be made if a deadline to file objections has been set prior to the hearing.

Therefore, the Court concludes that the third sentence of FRBP 3015(f) contemplates that a deadline for objections will be set prior to the hearing date.

"The test of validity of a local rule is whether it carries forward the purposes of the Bankruptcy Act and keeps faith with the policies embodied therein." *In the Matter of C.S. Crawford & Co.*, 423 F.2d 1322, 1324–25 (9th Cir.1970). Local bankruptcy rule 3015–5 facilitates an efficient chapter 13 confirmation process by channeling all objections through the chapter 13 trustee who coordinates a hearing date. Since the central purpose of LBR 3015–5 is efficiency, "a purpose which is consistent with the letter and spirit of the bankruptcy laws, there is no conflict with the interests of any party." *Walat*, 89 B.R. at 13.

Accordingly, the Court finds that LBR 3015–5 is consistent with FRBP 3015(f) and the first prong of the test set forth in *Steinacher* is met.

### D. *Prong Two and Prong Three of the Steinacher Test.*

Lastly, the Court examines prong two and prong three of the *Steinacher* test. The second prong examines whether the local rule is more than merely duplicative of such statutes and rules and the third

prong examines whether the local rule prohibits or limits the use of Official Forms. The Court finds that LBR 3015–5 supplements FRBP 3015(f) by adding greater specificity about how one goes about objecting to confirmation of a chapter 13 plan. It does not duplicate FRBP 3015(f) and does not limit the use of an Official Form.

The Court concludes that all three prongs of the *Steinacher* test are met and, therefore, LBR 3015–5 remains a valid local court rule.

### E. *Erickson's and Pacific's Objections to Debtor's Plan are Untimely.*

Because Erickson and Pacific failed to comply with LBR 3015–5, the Court must find their objections untimely. The language in LBR 3015–5 is mandatory, not permissive. Neither Erickson nor Pacific made any effort to request permission from this Court to file an objection to confirmation of debtor's plan past the date specified in LBR 3015–5.

The Court notes that both Erickson and Pacific have objected to debtor's plan because debtor allegedly hid assets and did not report all income. Of course, these acts can be reported to the chapter 13 trustee for investigation.

Finally, because Erickson's objection was untimely, it does not have standing to take debtor's 2004 exam. Debtor's motion to quash is granted.

### CONCLUSION

The Court finds the three-part test set forth in *Steinacher* for determining the validity of a local rule has been met with respect to LBR 3015–5. Accordingly, the Court finds that LBR 3015–5 is a valid local rule and merely places a condition on the right to object to confirmation of a debtor's chapter 13 plan.

The Court further finds that Erickson's and Pacific's objections to confirmation of

debtor's plan were untimely because they failed to comply with LBR 3015-5. The language of LBR 3015-5 is mandatory and neither party sought leave from this Court to file a late objection.

Lastly, the Court finds that Erickson does not have standing to take debtor's 2004 exam and request the production of documents. Accordingly, debtor's motion to quash is granted.

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052. The attorney for the debtor is directed to file with this Court an order in conformance with this Memorandum Decision within ten (10) days from the date of entry thereof.