
**NOT FOR PUBLICATION**

# UNITED STATES BANKRUPTCY APPELLATE PANEL
# OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. CC-19-1077-LGTa |
| SHMUEL ERDE, | Bk. No. 2:18-bk-20200-VZ |
| Debtor. | |
| SHMUEL ERDE, | |
| Appellant, | |
| v. | **MEMORANDUM**[*] |
| LOS ANGELES COUNTY TREASURER & TAX COLLECTOR; CAROLYN A. DYE, | |
| Appellees. | |

Submitted Without Argument on January 30, 2020

Filed – February 21, 2020

Appeal from the United States Bankruptcy Court
for the Central District of California

---

[*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

Honorable Vincent P. Zurzolo, Bankruptcy Judge, Presiding

_____

Appearances:     Appellant Shmuel Erde, pro se on brief; Appellee Carolyn A. Dye, pro se on brief.

_____

Before: LAFFERTY, GAN, and TAYLOR, Bankruptcy Judges.

## INTRODUCTION

Debtor Shmuel Erde appeals the bankruptcy court's order denying his fourth attempt to vacate or amend the order overruling his objection to the proof of claim filed in his 2018 chapter 11[1] case by Appellee Los Angeles County Treasurer and Tax Collector (the "County"). The claim was for property taxes owed for tax year 2011 on real property that was sold by the chapter 7 trustee during Mr. Erde's previous bankruptcy case. Mr. Erde contends that he does not owe the taxes because he no longer owns the property; he also asserts that the chapter 7 trustee was responsible to pay those taxes as part of the sale.

The bankruptcy court never reached the merits of Mr. Erde's objection. It overruled the objection for improper service and failure to

_____

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure. "LBR" references are to the Local Bankruptcy Rules for the Central District of California.

support the objection with admissible evidence. Mr. Erde subsequently filed four timely motions seeking to vacate or amend the order overruling his objection. The court denied all four motions on procedural grounds and because Mr. Erde had failed to establish grounds for reconsideration under Civil Rule 59, applicable in bankruptcy via Rule 9023.

Although Mr. Erde's bankruptcy case was dismissed in February 2019, this appeal is not moot. But Mr. Erde has not shown that the bankruptcy court abused its discretion in overruling his objection to the County's claim or in denying his motions to vacate or amend. We therefore AFFIRM.

## FACTUAL BACKGROUND

The facts underlying this appeal reach back to Mr. Erde's 2009 chapter 11 bankruptcy case.[2] That case was converted to chapter 7 in January 2011, and Appellee Carolyn A. Dye ("Trustee") was appointed trustee. In November 2011, the bankruptcy court granted Trustee's motion to sell Mr. Erde's real property located on Roxbury Drive in Beverly Hills, California (the "Property"). The order approving the sale provided that two liens in favor of Los Angeles County in the amounts of $33,209.27 and

---

[2]The 2009 filing (No. 2:09-bk-25942-DS) was Mr. Erde's fourth bankruptcy case. Mr. Erde has a long history of litigation and has been declared a vexatious litigant in both state and federal courts, including the bankruptcy court in this case. For a detailed recitation of that history, see *Erde v. Dye (In re Erde)*, BAP No. CC-19-1043-LSTa, 2019 WL 6115018 (9th Cir. BAP Nov. 15, 2019).

$14,040.97, representing property taxes owed for 2010-2011 and 2011-2012, respectively, would be paid from escrow; the order also authorized Trustee to pay any current property taxes.[3] The Property was sold, known claims were paid, Trustee submitted her final report, Mr. Erde received a discharge, and the case was closed in November 2013.

In August 2018, Mr. Erde filed a chapter 11 petition, initiating the case that underlies this appeal. Shortly thereafter, the County filed a proof of claim for property taxes of $6,556.69 secured by a lien against the Property. Attached to the proof of claim is a property tax bill indicating that it is a correction for the 2010-11 assessment year pursuant to Cal. Rev. & Tax. Code § 531.[4] The bill contains the notation: "Sale or disposal of this property after January 1, 2011 does not relieve the assessee of this tax." Also attached to the claim is a copy of a certificate of tax lien referencing the Property, bearing a stamp showing it was recorded in the Los Angeles County Recorder's Office on August 10, 2012.[5]

---

[3]We have exercised our discretion to review the bankruptcy court's docket and papers in the underlying bankruptcy cases and relevant adversary proceeding. *See Woods & Erickson, LLP v. Leonard (In re AVI, Inc.)*, 389 B.R. 721, 725 n.2 (9th Cir. BAP 2008).

[4]That statute provides, in relevant part: "If any property belonging on the local roll has escaped assessment, the assessor shall assess the property on discovery at its value on the lien date for the year for which it escaped assessment."

[5]The bankruptcy court never adjudicated whether Mr. Erde was liable for the property taxes at issue. The facts regarding the proof of claim are included solely for

(continued...)

4

Shortly after filing his 2018 case, Mr. Erde filed an adversary proceeding against Trustee. In his first amended complaint, he alleged that Trustee had breached her duties as chapter 7 trustee in the 2009 case because she had failed to pay all of the property taxes on the Property. He requested that the court enter judgment compelling Trustee to pay the County's claim. The bankruptcy court granted Trustee's Civil Rule 12(b)(6) motion (applicable via Rule 7012) and dismissed the adversary proceeding with prejudice. The court found that the first amended complaint failed to comply with Civil Rule 8(a) (applicable via Rule 7008) by: (1) failing to cite any legal authority that Trustee was required to pay a property tax bill for taxes incurred post-petition when that bill was not filed in the bankruptcy case or otherwise brought to Trustee's attention; (2) failing to set forth the legal impact of Mr. Erde residing in the Property for up to three months of the 2011-12 tax year; (3) failing to set forth the legal impact of Mr. Erde's argument in his opposition to Trustee's motion to turn over possession of the Property that the Property was not property of the estate; and (4) failing to allege that the order granting the motion to sell the Property indicated the sale was free and clear and that the buyer took subject to taxes not yet due and owing. In the same order, the bankruptcy court found Mr. Erde to be a vexatious litigant and barred him from filing any further claims

[5](...continued)
background.

against Trustee or requests for relief related to the claims or allegations made in the adversary proceeding.

In the meantime, in October 2018, Mr. Erde filed an objection to the County's claim. As in the adversary proceeding, he alleged that, in his 2009 bankruptcy case, Trustee had failed to pay off the property taxes from the sale of the Property and argued that Trustee was obligated to pay the County's claim. No declaration accompanied the objection. The County did not file a response. The bankruptcy court entered an order overruling the objection after a hearing on November 27, 2018. The order states that it is based on the findings made at the hearing, but no hearing transcript appears in the record or on the bankruptcy court docket.

Two days later, Mr. Erde filed a Motion for Findings of Fact and Conclusions of Law regarding the order overruling the claim objection (the "First Motion to Amend"). Substantively, the motion requested that the court amend its ruling in accordance with Mr. Erde's proposed findings and conclusions, which included a conclusion of law that property taxes cannot be enforced as a personal liability against the owner. Mr. Erde included a declaration attesting to some of the facts in the motion and included a proof of service showing service by mail on the County's tax service clerk who had signed the proof of claim at the designated P.O. Box for the County.

The bankruptcy court entered an order denying the First Motion to

6

Amend. In that order, the court recounted the findings it had made at the November 27, 2018 hearing. First, it found that the claim objection had not been served in accordance with Rule 7004, as required for contested matters under Rule 9014(b) pursuant to LBR 3007-1(b).[6] Second, it found that the objection was not supported by admissible evidence, as required under LBR 3007-1(c).

One week later, Mr. Erde filed a Second Motion for Findings of Fact and Conclusions of Law (the "Second Motion to Amend"). The Second Motion to Amend was substantively identical to the previous one. Again, Mr. Erde included a supporting declaration and a proof of service showing that the motion had been served by first class mail to the County's tax service clerk.

The bankruptcy court denied Mr. Erde's Second Motion to Amend because: (1) the motion requested relief previously sought in the First Motion to Amend, but it did not comply with LBR 9013-1(l)[7]; (2) Mr. Erde

---

[6]LBR 3007-1 provides that a claim objection is a contested matter under Rule 9014 and "must be served on the claimant at the address on the proof of claim **and** at such other addresses and upon such parties as may be required by FRBP 7004 and other applicable rules." (Emphasis added).

[7]That rule provides that when relief is sought that has previously been denied, the movant must present with the subsequent motion a declaration setting forth the material facts and circumstances surrounding each prior motion, including:

(1) The date of the prior motion;

(continued...)

had not cited Rules 9023 or 9024 nor established cause to amend under either rule; (3) the Second Motion to Amend was served 20 days before the hearing date, one day short of the 21-day period required under LBR 9013-1(d); and (4) the motion was not served in accordance with Rules 9014 and 7004.

Exactly two weeks later, Mr. Erde filed a Motion for Declaratory Judgment ("Third Motion to Amend"), in which he requested essentially the same relief sought in his prior motions to amend, but presented the motion as a request for a declaration that he does not owe any property taxes to the County. The bankruptcy court denied the Third Motion to Amend, again for failure to comply with LBR 9013-1(l), failure to properly serve the motion on the County, and failure to cite or establish cause to amend under Rules 9023 or 9024. Additionally, the court noted that Mr. Erde had not cited any authority for seeking a declaratory judgment by way of a contested matter under Rule 9014 rather than an adversary

[7](...continued)
(2) The identity of the judge to whom the prior motion was made;
(3) The ruling, decision or order on the prior motion;
(4) The new or different facts and circumstances claimed to exist, which either did not exist or were not shown upon the prior motion; and
(5) The new or different law or legal precedent claimed to exist, which either did not exist or were not shown upon the prior motion.

The rule further provides that noncompliance with this requirement "is grounds for the court to set aside any order or ruling made on the subsequent motion, and subjects the offending party or attorney to sanctions."

proceeding, as required under Rule 7001(9).

On February 21, 2019, the bankruptcy court entered an order dismissing Mr. Erde's case and declaring him a vexatious litigant.[8] On the same day, Mr. Erde filed a "Motion to Amend an Order Pursuant to FRBP 9023" ("Fourth Motion to Amend"). This time around, he cited Rule 9023 but did not state specific grounds under that rule, instead simply repeating his previous argument that he was not liable for the unpaid taxes.

The bankruptcy court denied Mr. Erde's Fourth Motion to Amend. Initially, the court observed that the dismissal of the case rendered all pending motions moot. In addition, the court found that the motion again did not comply with LBR 9013-1(l). Additionally, the court explained that Mr. Erde had not established cause to grant the motion. The court cited its order dismissing the adversary proceeding against Trustee, noting that Mr. Erde had still not addressed the deficiencies described in that order. In addition to denying the motion, the order prohibits Mr. Erde from filing, without court permission, any further documents attempting to change the order overruling his objection to claim.

Mr. Erde timely appealed.

---

[8]Mr. Erde appealed the dismissal and vexatious litigant ruling to this Panel, which affirmed. *Erde v. Dye (In re Erde)*, BAP No. CC-19-1043-LSTa, 2019 WL 6115018 (9th Cir. BAP Nov. 15, 2019). Mr. Erde appealed that decision to the Ninth Circuit Court of Appeals on November 27, 2019.

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(1) and (b)(2)(A) and (B). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Whether the bankruptcy court abused its discretion in overruling Mr. Erde's objection to the County's proof of claim on procedural grounds.

Whether the bankruptcy court abused its discretion in denying Mr. Erde's motions to amend.

## STANDARDS OF REVIEW

The bankruptcy court overruled Mr. Erde's claim objection for failure to comply with local rules. The bankruptcy court's application of a local rule is reviewed for an abuse of discretion. *Steinacher v. Rojas (In re Steinacher)*, 283 B.R. 768, 772 (9th Cir. BAP 2002). We also review the bankruptcy court's denial of a motion to alter or amend a judgment for abuse of discretion. *Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton)*, 449 B.R. 79, 82 (9th Cir. BAP 2011) (citing *Ta Chong Bank Ltd. v. Hitachi High Techs. Am., Inc.*, 610 F.3d 1063, 1066 (9th Cir. 2010)).

Under the abuse of discretion standard, we first "determine de novo whether the [bankruptcy] court identified the correct legal rule to apply to the relief requested." *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)(en banc). If the bankruptcy court identified the correct legal rule, we then determine under the clearly erroneous standard whether its factual

findings and its application of the facts to the relevant law were: "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record." *Id.* (internal quotation marks omitted).

## DISCUSSION

### A. Scope of Appeal

Although Mr. Erde's notice of appeal references and attaches only the order denying the Fourth Motion to Amend, Mr. Erde argues in his opening brief that the bankruptcy court erred in overruling his objection to the County's claim and in denying the subsequent motions to amend. All of his motions to amend were filed within fourteen days of entry of the previous orders. Additionally, Appellee Dye has fully briefed the issues raised in the claim objection and the motions to amend. As such, the Panel has discretion to review the orders denying the motions to amend as well as the order overruling the claim objection. *See Wall Street Plaza, LLC v. JSJF Corp. (In re JSJF Corp.)*, 344 B.R. 94, 99-100 (9th Cir. BAP 2006), *aff'd and remanded*, 277 F. App'x 718 (9th Cir. 2008) (noting that although 9th Cir. BAP Rule 8001(a)-1 [now Rule 8003-1] requires a party to attach copies of the orders appealed from, the Panel may depart from the rule absent prejudice).

### B. This appeal is not moot.

Trustee argues that this appeal is moot if the Panel affirms the

11

dismissal of Mr. Erde's 2018 bankruptcy case. Although the Panel has affirmed the order of dismissal, Mr. Erde has appealed that decision to the Ninth Circuit Court of Appeals, which has not yet issued a disposition. We thus have jurisdiction to consider this appeal. *Cf. Castaic Partners II, LLC, v. Daca–Castaic, LLC (In re Castaic Partners II, LLC)*, 823 F.3d 966, 968-69 (9th Cir. 2016) (noting that when the dismissal of a bankruptcy case becomes final, there is likely no longer any case or controversy with respect to issues directly involving the reorganization of the estate).

## C. The bankruptcy court did not abuse its discretion in overruling Mr. Erde's claim objection on procedural grounds.

The bankruptcy court overruled Mr. Erde's objection to the County's claim because, in addition to failing to serve the objection in accordance with Rule 7004, Mr. Erde failed to support his objection with any admissible evidence. On appeal, Mr. Erde's sole argument with respect to the order overruling the claim objection is that the order did not contain any findings. But the court apparently made findings at the November 27, 2018 hearing. Mr. Erde failed to provide a transcript of that hearing on appeal. As a result, he is estopped from asserting error in this regard. *See Kritt v. Kritt (In re Kritt)*, 190 B.R. 382, 387 (9th Cir. BAP 1995) (appellant bears the responsibility to provide an adequate record, including transcripts). Further, the court later provided written findings in its order denying Mr. Erde's First Motion to Amend, and Mr. Erde had more than

ample opportunity to remedy the procedural deficiencies cited by the court. He never did so.[9] Mr. Erde has not shown that the bankruptcy court abused its discretion in overruling his objection.

**D.      The bankruptcy court did not abuse its discretion in denying Mr. Erde's First Motion to Amend.**

Mr. Erde's First Motion to Amend was filed within fourteen days of entry of the order overruling his claim objection. As such, we review that motion as one for relief from judgment under Rule 9023. *Heritage Pac. Fin., LLC v. Montano (In re Montano)*, 501 B.R. 96, 112 (9th Cir. BAP 2013). Rule 9023 incorporates Civil Rule 59(e), and the same standards apply to both rules. *Id.* To justify relief under Rule 9023, the movant must show: "(a) newly discovered evidence, (b) the court committed clear error or made an initial decision that was manifestly unjust, or (c) an intervening change in controlling law." *Id.* (citing *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008)).

Mr. Erde's First Motion to Amend, styled as a motion for findings and conclusions, did not assert any grounds for relief under Rule 9023. Substantively, the motion requested that the court amend its ruling in accordance with Mr. Erde's proposed findings and conclusions, including a

---

[9]Mr. Erde never complied with Rule 7004 in serving the objection to claim or the subsequent motions to amend. Although he served the clerk who executed the proof of claim by first class mail to the designated post office box, there is no evidence that he served the County's designated person or office for service of process as required under Rule 7004(b)(6).

conclusion of law that property taxes cannot be enforced as a personal liability against a property owner. Mr. Erde did not address the service issue, nor did he provide any newly discovered evidence or show any intervening change in law, clear error, or manifest injustice. On appeal, Mr. Erde argues that the failure to comply with Rule 7004 does not automatically mandate "dismissal" if the party had actual notice, suffers no prejudice from a technical defect in service, and there is a justifiable excuse for failure to serve properly, citing *Borzeka v. Heckler*, 739 F.2d 444, 447 (9th Cir. 1984). But he points to no evidence in the record that all those requirements were met.

In addition, Mr. Erde argues that the bankruptcy court erred in finding that the objection was not supported by admissible evidence because he supported the First Motion to Amend with a declaration. But the court's finding regarding the lack of admissible evidence pertained to the original objection. In any event, Mr. Erde's declaration attached to the First Motion to Amend did not attest to facts affecting the validity of the County's claim. That declaration states that he was the debtor in the 2009 bankruptcy case that was converted to chapter 7 in January 2011, and continues:

19.[10]   As a result, I was no longer Debtor-In-Possession in my

---

[10]The declaration consists of nine numbered statements. For reasons that are not

(continued...)

14

2009 Bankruptcy Case, and had no control over my Debtor's Estate.

20. My Debtor's Estate included my Home.

21. As part of liquidating my 2009 Debtor's Estate, my Home was sold.

22. I was led to believe that the proceeds from the sale of my Home were used to settle the loans and property taxes secured by the Home.

23. I had no control or say in determining how the funds generated from the sale of my Home as part of liquidating my 2009 Debtor's Estate were disbursed.

In short, Mr. Erde's First Motion to Amend did not establish grounds for relief under Rule 9023.

**E.** **The bankruptcy court did not abuse its discretion in denying Mr. Erde's Second Motion to Amend.**

Mr. Erde's Second Motion to Amend was substantively identical to the previous motion. The bankruptcy court denied it because Mr. Erde failed to provide the declaration required under LBR 9013-1(l) when relief is sought that has previously been denied, for improper notice and service, and because Mr. Erde had not cited Rules 9023 or 9024 nor established cause to amend under either rule. On appeal, Mr. Erde argues that his

---

[10](...continued)
clear, the numbering of statements in the declaration jumps from 3 to 18.

Second Motion to Amend did not request the same relief sought in the First Motion to Amend and, in any event, LBR 9013-1(l) does not **require** denial of a motion that does not comply with the rule. While this latter point is correct, the bankruptcy court was well within its discretion to deny the motion on that ground. Moreover, despite Mr. Erde's protestations to the contrary, the relief requested (a ruling that Mr. Erde is not personally liable for the subject property taxes), although worded differently, was substantively identical to that sought in the First Motion to Amend and the claim objection. Mr. Erde makes the same meritless arguments regarding service as he did with respect to the First Motion to Amend, and he does not explain how the Second Motion to Amend established grounds for relief under Rule 9023. Again, Mr. Erde has not shown that the bankruptcy court abused its discretion in denying the Second Motion to Amend.

**F.    The bankruptcy court did not abuse its discretion in denying the Third Motion to Amend.**

Mr. Erde's Third Motion to Amend, which he styled as a Motion for Declaratory Judgment ("Third Motion to Amend") sought essentially the same relief as in his prior motions to amend: a declaration that he does not owe any property taxes to the County. The bankruptcy court denied the Third Motion to Amend for the same reasons it denied the Second, in addition noting that an adversary proceeding is required to obtain declaratory relief. Although Mr. Erde's brief is difficult to decipher, he does

16

not appear to present any unique arguments with respect to the denial of this motion, and our conclusion is the same: the bankruptcy court did not abuse its discretion in denying the Third Motion to Amend.

## G. The bankruptcy court did not abuse its discretion in denying the Fourth Motion to Amend.

Mr. Erde's Fourth Motion to Amend cited Rule 9023 but did not include any specific grounds for relief under that rule, instead simply repeating the argument that he is not liable for the subject taxes. The bankruptcy court again denied the motion for failure to comply with LBR 9013-1(l). The court also recounted the reasons for dismissal of the adversary proceeding against Trustee, noting that Mr. Erde had still not addressed the deficiencies described in that order. Again, Mr. Erde simply repeats the same arguments he made regarding the previous motions to amend. Again, these arguments are without merit. Mr. Erde repeatedly failed to comply with applicable procedural rules and, more importantly, he never provided any relevant admissible evidence to support his objection to the County's claim.[11] His arguments on appeal do not convince us that the bankruptcy court abused its discretion in denying relief on that

---

[11]The declarations filed in support of the Second, Third, and Fourth Motions to Amend were essentially the same as those filed with the First, except that Mr. Erde added conclusions of law and argument in the later declarations, which do not constitute admissible evidence. *See Int'l Ass'n of Firefighters, Local 1186 v. City of Vallejo (In re City of Vallejo)*, 408 B.R. 280, 291 (9th Cir. BAP 2009) (noting that legal conclusions are generally inadmissible).

basis.

## CONCLUSION

Mr. Erde has not demonstrated that the bankruptcy court abused its discretion in overruling his objection to the County's claim on procedural grounds. Nor has he shown that the bankruptcy court abused its discretion in denying his four subsequent motions to amend. We therefore AFFIRM.